UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL J. SMITH, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-00194-MPB-RLY |
| | ) | |
| TRIPLE B TRUCKING, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter, an action brought by Plaintiffs against Peterson and Triple B. Trucking, LLC, alleging negligence, negligence *per se* and loss of consortium, was called for a bench trial on July 9, 2018. (Docket No. 86). Plaintiffs Michael J. Smith and Marcia Smith appeared in person and by Counsel Stephen H. Thomas and Noah C. Thomas. Defendants Triple B Trucking, LLC and Gregory Peterson appeared by Counsel Jessica N. Hamilton and James H. Milstone.[1] For purposes of trial, the parties filed an agreed stipulation of facts.[2] (Docket No. 85). Being duly advised, the court now enters its Findings of Fact and Conclusions of Law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

### I.  FINDINGS OF FACT

1. On August 13, 2015, Michael Smith, Gregory Peterson, and six (6) other drivers were involved in a motor vehicle collision on U.S. Highway 41 in Gibson County, Indiana.

2. The Collision occurred at or near the intersection of County Road 800 S and U.S.

---

[1] The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

[2] In light of this agreed stipulation of facts, the Court finds Defendants' Motion in Limine (Docket No. 52), Plaintiffs' Motion in Limine (Docket No. 58), and Defendants' Motion to Bar Plaintiff's Supplemental Medical Evidence (Docket No. 76) shall be **DENIED as moot.**

Highway 41 S in Gibson County, Indiana (the "Intersection").

3. At or near the Intersection, U.S. Highway 41 S has two (2) southbound straight lanes and one (1) right turn lane and one (1) left turn lane.

4. Immediately prior to the Collision, Michael Smith's Jeep Wrangler was stopped in the right straight lane in a line of vehicles yielding to the red light.

5. Immediately prior to the Collision, Gregory Peterson's semi tractor-trailer was travelling southbound towards the line of vehicles yielding to the red light.

6. While approaching the line of vehicles yielding to the red light, Gregory Peterson's cell phone fell in between the brake pedal and gas pedal.

7. While approaching the line of vehicles yielding to the red light, Gregory Peterson looked down in an attempt to locate his cell phone.

8. Gregory Peterson did not stop in time to avoid a collision with the line of vehicles yielding to the red light in the southbound lane of U.S. Highway 41 S.

9. Gregory Peterson's semi tractor-trailer struck the rear of the vehicle immediately in front of him.

10. Gregory Peterson's striking of the vehicle in front of him caused that vehicle to strike the next vehicle in line.

11. The next vehicle in line struck the vehicle behind Michael Smith's Jeep Wrangler.

12. After striking the last vehicle in the line of vehicles yielding to the red light, Gregory Peterson's semi tractor-trailer veered from the right lane of travel and passed the three vehicles as they collided with one another.

13. Gregory Peterson's semi tractor-trailer then re-entered the right lane of travel and directly struck the rear of Michael Smith's Jeep Wrangler.

14. Gregory Peterson's striking of the rear of Michael Smith's Jeep Wrangler caused Michael Smith's Jeep Wrangler to strike the vehicle in front of it.

15. The vehicle in front of Michael Smith's Jeep Wrangler struck the next vehicle in line, which in turn struck the final vehicle in the line.

16. At the time of the Collision, Gregory Peterson was acting as an employee or agent of Defendant, Triple B Trucking, LLC.

17. Michael Smith was injured as a result of the Collision.

18. Michael Smith incurred in excess of $100,000.00 in paid medical expenses due to his injuries from the Collision.

19. On the date of the Collision, Michael Smith was employed by Toyota Motor Manufacturing Indiana.

20. Michael Smith, via affidavit, attested that according to his Social Security Earnings Statement he earned an average of $68,523.36 per year during the ten-year period preceding August 13, 2015.

21. Michael Smith further attested that he has been unable to return to his job at Toyota Motor Manufacturing Indiana since the motor vehicle collision of August 13, 2015.

22. On the date of the Collision, Michael Smith was fifty-five (55) years old.

23. Plaintiffs requested the Court enter a judgment in the amount of $500,000.00 (five hundred thousand dollars) against Defendants Gregory Peterson and Triple B Trucking, LLC and in favor of Plaintiffs Michael Smith and Marcia Smith.

## II. CONCLUSIONS OF LAW

1. The court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

2. This is a diversity case filed in the state of Indiana. Therefore, the Indiana rules of

negligence apply. *Carson v. ALL Erection & Crane Rental Corp.*, 811 F.3d 993, 995 (7th Cir. 2016).

3. To prevail in a negligence action, "the plaintiff must prove a: (1) duty owed to plaintiff by defendant; (2) breach of the duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury that was proximately caused by defendant's breach of duty." *Hassan v. Begley*, 836 N.E.2d 303, 307 (Ind. App. 2005) (citation omitted). A negligent act is the proximate cause of an injury if the injury is a natural and probable consequence, which in light of the circumstances, should have been foreseen or anticipated. *Bader v. Johnson*, 732 N.E.2d 1212, 1218 (Ind. 2000).

4. Vicarious liability will be imposed upon an employer under the doctrine of respondeat superior "where the employee has inflicted harm while acting 'within the scope of employment.'" *Barnett v. Clark*, 889 N.E.2d 281, 283 (Ind. 2008). To fall within the scope of employment, "the injurious act must be incidental to the conduct authorized or it must, to an appreciable extent, further the employer's business." *Id.* An act "is incidental to authorized conduct when it 'is subordinate to or pertinent to an act which the servant is employed to perform,' or when it is done 'to an appreciable extent, to further his employer's business.'" *Bushong v. Williamson*, 790 N.E.2d 467, 473 (Ind. 2003) (quoting *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000)) (internal citations omitted).

5. Gregory Peterson had a duty to maintain a proper lookout, to use due care to avoid a collision, and to maintain his vehicle under reasonable control. *Smith v. Beaty*, 639 N.E.2d 1029, 1032 (Ind. Ct. App. 1994).

6. Gregory Peterson breached this duty by looking down in an attempt to locate his

4

cell phone, resulting in a failure to keep a lookout; failure to slow the vehicle as he approached the line of vehicles yielding to the red light in the southbound lane of U.S. Highway 41 S; and driving while distracted.

7. As a direct and proximate result of Gregory Peterson's negligence, Michael Smith was injured in excess of $100,000 in paid medical expenses.

8. Triple B Trucking, LLC is vicariously liable under the theory of respondeat superior as Gregory Peterson was acting as an employee or agent of Triple B Trucking, LLC, at the time of the Collision. At the time of the Collision, Gregory Peterson was an employee or agent for Triple B Trucking, LLC, and was driving the semi tractor-trailer in furtherance of Triple B Trucking, LLC's business.

9. Pursuant to the evidence presented to the Court, Plaintiffs' injuries, including medical expenses, lost wages, and permanent impairment of the power to earn money, and physical pain and mental pain and suffering, amount to $500,000.00. Defendants are jointly and severally liable for the judgment. *Biel, Inc. v. Kirsch*, 153 N.E.2d 140, 143 (Ind. Ct. App. 1958).

### III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs Michael J. Smith and Marcia Smith are entitled to a judgment in the amount of $500,000.00 against Defendants Gregory Peterson and Triple B Trucking, LLC, jointly and severally. Final judgment will enter accordingly.

**SO ORDERED.**

Dated: 7/16/2018

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.